IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Allyson D. Martini-Roth, | ) | C/A No.: 1:12-1568-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Carolyn W. Colvin, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Plaintiff requests $6,921.63 in attorney's fees on the ground that she is a prevailing party under the EAJA. [Entry #26]. The Commissioner does not dispute that Plaintiff is entitled to EAJA fees, but notes an error in the date of an entry in the timesheet and argues that the time Plaintiff's counsel spent on her pre-complaint efforts should be reduced by 3.5 hours. [Entry #27]. In reply, Plaintiff's counsel submits a corrected time sheet requesting the identical amount and argues that the enabling EAJA statute authorizes the submitted fees. For the reasons set forth below, the Commissioner's objection to the 3.5 hours is overruled and Plaintiff's motion is granted.

The EAJA provides that

> The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

28 U.S.C. § 2412(b). Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The eligibility requirements for an award of fees under the EAJA are: (1) that the claimant is a prevailing party; (2) that the government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).

Because this court remanded to the ALJ pursuant to 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" under the EAJA. *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Commissioner does not make a substantial justification argument. Rather, the Commissioner argues that "[i]t is well settled that Plaintiff's attorney may not recover EAJA fees for work performed prior to when this District Court action began," [Entry #27 at 2], citing *Melkonyan v. Sullivan*, 501 U.S. 89, 94, 97 (1991); *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); and *Guthrie v. Schweiker*, 718 F.2d 104, 107–08 (4th Cir. 1983). The court has reviewed the cases cited by the Commissioner and finds that they do not state the principle for which they are cited. The cases cited appear to refer to attorney fees incurred during administrative proceedings which preceded the appeals litigation.

Plaintiff represents that the 3.5 hours sought includes time for review of the ALJ decision for the specific purpose of determining whether it contained appealable errors;

review of the facts of the case to see whether they were supportive of an appeal; and the drafting of a memo memorializing that review and the conclusions drawn from it. [Entry #28 at 2]. The court finds that Plaintiff has satisfied the eligibility requirements for EAJA fees.

For the foregoing reasons, the court does not find any special circumstances that make an award of attorney's fees unjust. Accordingly, the court grants Plaintiff's motion and directs the Commissioner to pay Plaintiff $6,921.63. Such payment shall constitute a complete release from and bar to any and all further claims that Plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision. This award is without prejudice to the rights of Plaintiff's counsel to seek attorney fees under section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

IT IS SO ORDERED.

December 16, 2013                           Shiva V. Hodges
Columbia, South Carolina                    United States Magistrate Judge